UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TOMAS BURGOS,

                        Petitioner,

            v.                                                          9:14-CV-0385
                                                                        (GLS/RFT)

EDWARD BLY,

                        Respondent.
_____

APPEARANCES:                              OF COUNSEL:

TOMAS BURGOS
#36229
Rensselaer County Jail
4000 Main Street
Troy, NY 12180

GARY L. SHARPE
Chief United States District Judge

## DECISION and ORDER

## I.    INTRODUCTION

Petitioner Tomas Burgos has filed a petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2241 and a memorandum of law.  Dkt. No. 1, Petition ("Pet."); Dkt. No. 1-1,

Memorandum and Motion to Dismiss for Want of Standing and Lack of Subject Matter

Jurisdiction ("Mem.").  He is confined at the Rensselaer County Correctional Facility and has

paid the filing fee.  For the reasons that follow, this action is dismissed.

## II.   RELEVANT BACKGROUND

On February 8, 2012, petitioner was charged by indictment with seven felony counts

of making false or fraudulent claims in violation of 18 U.S.C. §§287 and 2.  *United States v.*

*Burgos*, No. 1:12-CR-0059 (GLS), Dkt. No. 1, Indictment.  On March 11, 2014, petitioner

moved to proceed pro se.  The court granted his request, and appointed an attorney to act as stand-by counsel.  Petitioner's case is scheduled for trial on May 5, 2014 as a backup trial to *United States v. Bruno*, No. 1:09–CR-29.  If the *Bruno* trial proceeds as scheduled, petitioner's trial will be rescheduled to commence on May 27, 2014.  Dkt. No. 48, Trial Order.

In his current section 2241 petition, petitioner alleges that he is being unlawfully detained because: (1) he was charged under a statute that is unconstitutional; (2) the United States, whom he refers to as "plaintiff," failed to allege an injury in a complaint in violation of "Article III, sec. 2 of the constitution of the United States;" (3) he has been deprived his Sixth Amendment right to a speedy trial; (4) the United States is in violation of "article 1 sec. 10 of the constitution and 15 U.S.C. 1125 (a)(1)(A)(2)" because it is improperly attempting to bring charges "via third party, Internal Revenue Service, which is not an agency or executive branch of the United States Government;" (5) he is not a "Fourteenth Amendment Citizen, but in fact an Aboriginal Moorish American National" and is not "subject to Commerce or Commercial Activity or Admiralty Claims," and no court "can proceed in REM against a human being and the plaintiff cannot unilaterally obligated [sic] petitioner" to "perform as a law merchant;" (6) he was deprived due process under the Fifth Amendment; (7) he was deprived of his Fourth Amendment rights; and (8) the indictment is invalid under "Article III section 2 of the Constitution of the United States."  Pet. at 7-9, 9-a, 9-b.  Petitioner states that he filed a motion in the criminal case to dismiss the indictment, but that the court has made "no reference" to the motion.  Pet, at 7, 9.  Finally, petitioner  asks that the court quash the indictment, "void all warrants," and produce him for a hearing.  *Id.* at 9-a, 9-b.  For a complete statement of petitioner's claims, reference is made to the petition.

## III.   DISCUSSION

As an initial matter, petitioner's standing and jurisdictional arguments are identical to those raised in the motion to dismiss the indictment currently pending in the criminal action. *Compare* Dkt. No. 1-1, Memorandum and Motion to Dismiss for Want of Standing and Lack of Subject Matter Jurisdiction, *with United States v. Burgos*, No. 1:12-CR-0059, Dkt. No. 47, Notice of Motion; Memorandum and Motion to Dismiss for Want of Standing and Lack of Subject Matter Jurisdiction.  To the extent that his claims are duplicative, they are dismissed. *See Ziemba v. Clark,* 167 F. App'x. 831, 832 (2d Cir. 2006) (noting that the district court acted within its discretion in dismissing duplicative claims under the prior pending action doctrine); *Curtis v. Citibank, N.A.,* 226 F.3d 133, 138 (2d Cir. 2000) (stating that a district court may dismiss an action "that is duplicative of another federal court suit" as part of the court's "general power to administer its docket"); *Mitchell v. Gunja*, 76 F. App'x. 865, 867 (10th Cir. 2003) (affirming dismissal of second habeas action filed pursuant to section 2241 because the petitioner's "challenge to the terms and conditions of his confinement as unlawful . . . has already been filed with the District of Colorado in a previous petition still pending under § 2241" and agreeing that the second petition was "duplicative.").

Petitioner's remaining claims are not properly brought pursuant to section 2241.  A federal prisoner may challenge his detention under 28 U.S.C. §§ 2241 and 2255.  28 U.S.C. § 2255; *Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004); *Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997).  Section 2255 is the proper mechanism for prisoners to attack the validity of a conviction, including the court's jurisdiction, and the imposition of a sentence.  *Adams*, 372 F.3d at 134; *McQueen v. Shult*, No. 9:08-CV-903

(GLS/GHL), 2008 WL 4757356 at *2 (N.D.N.Y. Oct. 28, 2008).  A motion pursuant to section

2255 must be brought in the sentencing court.  *See Boumediene v. Bush*, 553 U.S. 723, 774-

75 (2008); *Williams v. Winn*, No. 4:05-CV-40100, 2005 WL 1541099 at *1 (D. Mass. Jun. 30,

2005).

In contrast, section 2241 is the proper vehicle to challenge the execution of a

sentence.  *Adams*, 372 F.3d at 135; 28 U.S.C. § 2241.  For example, a petitioner may use a

section 2241 petition to challenge a federal official's computation of a sentence, parole

decisions, or prison disciplinary actions.  *Cook v. New York State Div. of Parole*, 321 F.3d

274, 278 (2d Cir. 2003); *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001).  Petitions filed

under section 2241 must name the petitioner's warden as respondent and be filed in the

district of the petitioner's confinement.  28 U.S.C. § 2241(a) (2006); *Rumsfeld v. Padilla*, 542

U.S. 426 (2004).

In this case, petitioner is plainly challenging the legality of his pending criminal

prosecution and, therefore, his petition is best construed as a section 2255 motion.

*Boumediene*, 553 U.S. at 774-75; *Adams*, 372 F.3d at 134.[1]  This court will not, however,

construe the petition as a section 2255 motion because doing so would be inappropriate.

First, the court could not convert this action without first notifying petitioner of its intent to

treat his petition as a first section 2255 motion, warning him that this recharacterization

---

[1]  In rare circumstances, a federal prisoner may challenge the validity of his conviction under section
2241 if he can show that the remedy under section 2255 is "inadequate or ineffective to test the legality of his
detention."  28 U.S.C. §2255 (e); *Cephas v. Nash*, 328 F.3d 98, 104 (2d Cir. 2003); *Triestman v. United States*,
124 F.3d 361 (2d Cir. 1997).  Section 2255 is "inadequate or ineffective" only when the failure to allow collateral
review would raise serious constitutional questions because the prisoner "(1) can prove actual innocence on the
existing record, and (2) could not have effectively raised [his] claim[s] of innocence at an earlier time."  *Cephas*,
328 F.3d at 104 (internal quotation marks omitted) (quoting *Triestman*, 124 F.3d at 363).  Here, petitioner has not
yet been convicted or sentenced, and therefore he necessarily has not litigated a first section 2255 motion.
Under these circumstances, the section 2255(e) exception does not apply.

means that any subsequent section 2255 motion will be subject to the restrictions on "second or successive" motions, and providing him an opportunity to withdraw the motion or to amend it to include all claims he intends to raise. *Castro v. United States*, 540 U.S. 375, 383 (2003). Second, even with the required notice, conversion would be futile. A section 2255 motion can only be brought by "[a] prisoner in custody under sentence of a court established by Act of Congress[.]" 28 U.S.C. § 2255(a). Petitioner has not yet been convicted, much less sentenced and, therefore, any petition filed under section 2255 would be premature. *See Zuniga v. Sposato*, No. 2:11-CV-1045, 2011 WL 1336396 at *2-3 (E.D.N.Y. Apr. 7, 2011) (dismissing petition brought pursuant to 28 U.S.C. §2254 by a federal prisoner not yet tried or convicted of any crime, and declining to construe the petition as one brought under either section 2241 or 2255); *United States v. Gonzalez*, No. 1:00-CR-0447, 2001 WL 987866 at *3 (S.D.N.Y. Aug. 30, 2001) ("[T]he filing of a pre-sentence petition pursuant to Section 2241 ... is not appropriate.")

Accordingly, this action is dismissed without prejudice. If petitioner wants to litigate the claims raised in his section petition, he may file the appropriate motion in the criminal action.

**IV.    CONCLUSION**

**WHEREFORE**, it is

**ORDERED** that this action is **DISMISSED;** and it is further

**ORDERED** that no Certificate of Appealability ("COA") shall issue because petitioner has failed to make a "substantial showing of the denial of a constitutional right" as 28 U.S.C.

§ 2253(c)(2) requires;[2] and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on petitioner in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: April 14, 2014
　　　Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court

---

　　[2] *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (holding that "§ 2253 permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right'"); *Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (holding that, if the court denies a habeas petition on procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, and (2) that the applicant has established a valid constitutional violation" (citation omitted)).